**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN R. DEWITT,**

     **Plaintiff,**

**vs.**                           **Case No. 4:21cv340-AW-MAF**

**LOMAR BARKLEY, et al.,**

     **Defendants.**
_____/

**O R D E R**

Plaintiff, proceeding pro se, initiated this case on August 16, 2021, by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, and a number of motions.  ECF Nos. 2-4.  He also submitted an amended complaint, ECF No. 5, on the following day.  In an Order entered on August 19, 2021, Plaintiff was granted in forma pauperis status, ECF No. 7.  Importantly, that Order also denied Plaintiff's motion requesting issuance of a subpoena, ECF No. 3, to produce a police officer's body camera video recording.  ECF No. 7.

Plaintiff has now filed a successive motion, ECF No. 8, once again requesting issuance of a subpoena to obtain the body camera recording of

Tallahassee Police Officer Melanie Preitti for July 21, 2021.  *Id.* at 2.

Plaintiff again basis his request on Florida statute 119.071(2)(L)(2) and the

Freedom of Information Act.  ECF No. 8 at 1.  He contends that the

information is only required to be retained for at least 90 days pursuant to

Florida law.  *Id.* at 4-5.

As explained to Plaintiff previously, *see* ECF No. 7 at 5, issuance of a

subpoena comes during the discovery phase of litigation.  Discovery is not

directed until after service of a complaint, and Federal Rule of Civil

Procedure 26(d) specifically directs that a "party may not seek discovery

from any source before the parties have conferred as required by Rule

26(f)."  That conference does not happen until after Defendants have been

served with process, filed a response, and an Initial Scheduling Order has

been entered.  Plaintiff's request is premature and is denied.

Additionally, Plaintiff is advised once again that the Freedom of

Information Act does not entitled him to obtain the video because that Act

pertains to federal agencies and departments, not a local police

department.  5 U.S.C. § 551(1).  Plaintiff may have other avenues to obtain

the recordings, but the FOIA does not allow it.

Plaintiff has been required to file a second amended complaint by

**September 20, 2021**.  He is warned that if he fails to demonstrate that his

First Amendment rights were violated, this case will be dismissed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion requesting issuance of a subpoena, ECF No. 8,

is **DENIED**.

2.  Plaintiff has until **September 20, 2021**, in which to submit a

second amended complaint.

3.  Plaintiff must immediately file a notice of change of address with

the Clerk's Office in the event that his address changes.

4.  **Failure to comply will result in a recommendation of**

**dismissal of this action.**

5.  The Clerk of Court shall return this file upon receipt of Plaintiff's

second amended complaint, or no later than September 20, 2021.

**DONE AND ORDERED** on August 25, 2021.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv340-AW-MAF