**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN R. DEWITT,**

     **Plaintiff,**

**v.**                            **Case No. 4:21-cv-340-AW-MAF**

**CERESSA HANEY, et al.,**

     **Defendants.**

_____/

## ORDER GRANTING MOTIONS TO DISMISS

Steven Dewitt visited the Intervention & Detention Alternatives Office—a probation office in Tallahassee—to film content for a story. ECF No. 45 at 5-6.[1] Probation officer Cerresa Haney told Dewitt he could not film in the office's lobby and that she would call the police if he did not stop. *Id.* at 7. Dewitt kept at it—claiming he was conducting a "First Amendment audit"—and Haney called the police. *Id.* Officers Trent Sexton and Melanie Pretti responded to the call. *Id.* at 8-10. They told Dewitt to leave or face arrest. *Id.*

Dewitt sued Haney, Sexton, and Pretti, alleging First Amendment violations. He seeks damages, a declaration that Defendants' actions were unconstitutional, and an order requiring Defendants to "take a training course" on the Constitution. *Id.* at

---

[1] The facts come from the complaint and are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

11. All Defendants moved to dismiss, asserting (1) qualified immunity on the damages claim and (2) a lack of jurisdiction as to Dewitt's requested prospective relief. ECF Nos. 51, 55.

In a report and recommendation, the magistrate judge concluded that (1) the complaint stated a claim that Defendants violated Dewitt's First Amendment right to record "matters of public interest" but that (2) Defendants had qualified immunity. ECF No. 62 at 17-24. All parties objected. Dewitt argues that qualified immunity does not apply (both because Defendants acted beyond their discretionary authority and because they violated a clearly established right) and that the magistrate judge "entirely fail[ed] to address his declaratory relief claim." ECF No. 68 at 2.[2] Defendants object to the conclusion that the complaint alleges a constitutional violation, although they welcome the qualified-immunity conclusion. ECF Nos. 64, 65. In other words, Defendants favor dismissal but do not care for the magistrate judge's reasoning.

Having reviewed the filings, and having considered de novo the issues presented in the objections, I agree with the magistrate judge as to qualified immunity. I do not reach the separate question of whether the complaint sufficiently

---

[2] Dewitt moved for leave to file amended objections because he inadvertently filed his original ones. *See* ECF Nos. 66, 67. This order grants that motion, and Dewitt's amended objections, ECF No. 68, are accepted as filed.

alleged a constitutional violation. And I dismiss the request for declaratory and injunctive relief for lack of jurisdiction.

To establish qualified immunity, Defendants had the initial burden of showing they acted within their discretionary authority. *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022) (citing *Piazza v. Jefferson County*, 923 F.3d 947, 951 (11th Cir. 2019)). Dewitt objects to the magistrate judge's conclusion that they made that showing.

Dewitt did try to dispute whether Defendants acted within discretionary authority. *See* ECF No. 58 at 6 (arguing "[Haney] was not completely within her right to advise[] Plaintiff that he . . . had to leave" because IDAO is not a private entity); ECF No. 61 at 6 (arguing that Sexton and Pretti acted "contradictive" of their oaths to uphold the law). But his own allegations show otherwise. He alleges that Haney was the "probation supervisor" in the probation office when she asked him to stop recording or leave. It strains credulity to suggest that a probation supervisor acts outside her discretionary authority by asking a visitor to leave a probation office. The responding police officers—Sexton and Pretti—also acted in their discretionary authority by responding to a call. *Cf. Ellison v. Hobbs*, 786 F. App'x 861, 873-74 (11th Cir. 2019) (describing officers' response to a call as "classic police activity").

In arguing otherwise, Dewitt suggests Defendants must have acted outside of their discretionary authority because their conduct violated the law. *See* ECF No. 68

at 3-5 (arguing Defendants "did not have probable cause"); *see also* ECF No. 58 at 6; ECF No. 61 at 6. But this misunderstands the issue. "The inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). What matters is "the general nature of the defendant's action," without regard to whether that action "may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004). And "the general nature" of the actions alleged here was within the Defendants' discretionary authority.

This means the burden shifts to Dewitt to show qualified immunity is inappropriate. *Ingram*, 30 F.4th at 1250 (citing *Piazza*). At the motion-to-dismiss stage, he must allege facts showing the violation of a clearly established right. *Id.* He has not shown that.

First, I note that Dewitt must offer sufficient precision as to the constitutional right allegedly violated. The Supreme Court has repeatedly cautioned that "the crucial question [is] whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). Thus, the question is not whether Dewitt had a generalized or abstract right to conduct so-called "First Amendment audits." Dewitt himself recognizes that. ECF

No. 68 at 6. The question instead is whether Dewitt had a clearly established right to record video in a probation office's lobby without the office's permission.

Dewitt must show that his right was clearly established in one of three ways: (1) citing a "materially similar case" from the Supreme Court, Eleventh Circuit, or Florida Supreme Court; (2) showing a "broad statement of principle within the Constitution" clearly established the right; or (3) pointing to conduct "so egregious" that a constitutional violation is obvious, even without similar controlling case law. *Id.* at 661 (citations omitted). He has not satisfied any of those methods.

As to path one, Dewitt cites no "materially similar case." He principally relies on *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).[3] While *Smith* held citizens have a First Amendment right to photograph or film police conduct subject to reasonable time, place, and manner restrictions, *id.* at 1333, it did *not* hold the officers in that case unreasonably restricted plaintiffs' speech. *Id. Smith* is also scant on fact discussion, but its "allusion to [time, place, and manner] restrictions indicates that the plaintiffs there attempted to film police activity while in a public forum of some sort." *Crocker v. Beatty*, 995 F.3d 1232, 1240-41 (11th Cir. 2021). Dewitt cites no controlling case law (and the court is aware of none) holding that a lobby like

---

[3] He also heavily relies on *Dunn v. City of Fort Valley*, 464 F. Supp. 3d 1347 (M.D. Ga. 2020). ECF No. 68 at 6-8. But because that is a district court case, it cannot clearly establish the law. *See Wilson*, 54 F.4th at 661.

IDAO's should be treated similarly. Indeed, privacy-sensitive IDAO matters suggest its lobby is not the conventional public forum. *See* ECF No. 51 at 7-8 at 6; ECF No. 55 at 13-14. "The dearth of detail about the contours of the right announced in *Smith* undermines any claim that it provides officers 'fair warning' under other circumstances" such as these. *Crocker*, 995 F.3d at 1241.

As to path two of clearly establishing the law, for the same reasons as above, "it is decidedly *not* 'obvious' that *Smith*'s 'general rule applies to the specific situation in question.'" *Id.* 1240-41 (11th Cir. 2021) (quoting *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010)). Nor is this a path-three case with conduct "so egregious" to make a constitutional violation obvious. *See Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012) (describing path three as a "narrow" one only encompassing conduct that "lies so obviously at the very core" of the constitutional provision (quoting *Terrell v. Smith*, 668 F.3d 1244, 1257 (11th Cir. 2012)).

Because it is plain here that Dewitt's allegedly absolute right to film in the probation-office lobby was not clearly established, Defendants are entitled to qualified immunity from Dewitt's § 1983 damages claim. That makes it unnecessary to decide whether the complaint plausibly alleges a constitutional violation. *Wilson v. Sec'y, Dep't of Corr.*, 54 F.4th 652, 660 (11th Cir. 2022) (citing *Pearson v. Callahan*, 555 U.S. 223, 236-67 (2009) (holding that courts may "exercise their

sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first")).

Moreover, the court lacks jurisdiction over Dewitt's claims for injunctive and declaratory relief. His complaint only alleges a past harm—meaning no Article III case or controversy exists as to prospective relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-05 (1983); *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985) ("[Plaintiff] alleges that he has been injured by [the defendant's] past conduct . . . . [Plaintiff] makes no factual allegation, however, that such conduct has continued or will be repeated in the future.").

Dewitt's motion to file amended objections (ECF No. 67) is GRANTED. Dewitt's amended objections (ECF No. 68) are accepted as filed and are OVERRULED. Defendants' objections (ECF Nos. 64. 65) are SUSTAINED. The report and recommendation (ECF No. 62) accepted to the extent it recommends dismissal based on qualified immunity. It is rejected to the extent it recommends concluding that there was a constitutional violation alleged.

The motions to dismiss (ECF Nos. 51, 55) are GRANTED. The third amended complaint (ECF No. 45) is DISMISSED. The clerk will enter a judgment that says "This case was resolved on a motion to dismiss. Plaintiff's § 1983 damages claim is dismissed because of qualified immunity. His § 1983 claim for declaratory and

injunctive relief is dismissed for lack of subject-matter jurisdiction." The clerk will then close the file.

SO ORDERED on March 31, 2023.

*s/ Allen Winsor*
United States District Judge